313 S.W.3d 818 (2010)
In the Matter of B.W.
No. 08-1044.
Supreme Court of Texas.
June 18, 2010.
*819 Michael A. Choyke, Wright Brown & Close, LLP, Annette Elizabeth Johnson, Johnson Law Firm, P.C., Michelle W. Bush, Attorney at Law, Houston, TX, for Petitioner.
Daniel Clark McCrory, Assistant District Attorney, Terrance Windham, Harris District Attorney's Office, Jessica Macklin Milligan, Harris County District Attorney's Ofc., Patricia Rae Lykos, Harris County District Attorney, Helen Jackson, Houston, TX, for Respondent.
Karen Anne Clark, Children at Risk, Houston, TX, for Amicus Curiae Children at Risk.
Justice O'NEILL delivered the opinion of the Court, in which Chief Justice JEFFERSON, Justice HECHT, Justice MEDINA, Justice GREEN, and Justice GUZMAN joined.
In this case we must decide whether the Legislature, by its wholesale incorporation of Penal Code offenses into the juvenile justice provisions of the Family Code, intended to permit prosecution of a thirteen-year-old child for prostitution considering its specific pronouncement that a child under fourteen is legally incapable of consenting to sex with an adult. We conclude that transforming a child victim of adult sexual exploitation into a juvenile offender was not the Legislature's intent, and reverse the court of appeals' judgment.

I. Background
B.W. waved over an undercover police officer who was driving by in an unmarked car and offered to engage in oral sex with him for twenty dollars. The officer agreed. When B.W. entered the officer's car, he arrested her for the offense of prostitution. B.W. was originally charged in criminal court, but when a background check revealed that she was only thirteen the case was dismissed. Charges were then refiled under the Family Code, which governs juvenile proceedings. TEX. FAM. CODE §§ 51.02(2), .04(a).
Before trial, a State psychologist examined B.W. During the examination, B.W. related a history of sexual and physical abuse. The psychologist concluded that B.W. was "emotionally impoverished, discouraged and dependent." The psychologist noted that the report should be viewed with caution given that some of B.W.'s statements were inconsistent with probation records, but expressed concern over B.W.'s untreated substance abuse and her report that she had been living, and having sex, with her thirty-two-year-old "boyfriend" for the last year and a half.
At trial, pursuant to an agreed recommendation, B.W. pleaded true to the allegation that she had "knowingly agree[d] to engage in sexual conduct ... for a fee." Following her plea, the trial court found that B.W. had engaged in delinquent conduct constituting a Class B misdemeanor offense of prostitution as defined by section 43.02 of the Penal Code, and placed her on probation for eighteen months. The trial court denied B.W.'s motion for new trial and granted her permission to appeal. The court of appeals affirmed. 274 S.W.3d 179. We granted B.W.'s petition for review to consider the challenges she raises to her adjudication of delinquency for the offense of prostitution.

II. Discussion
The statute proscribing prostitution is found in the Texas Penal Code, which does not generally apply to juveniles under the age of seventeen. See TEX. PENAL CODE § 8.07. Instead, the Legislature made a blanket adoption of the Penal Code into the Texas Family Code, which provides that the juvenile justice courts have jurisdiction *820 in all cases involving delinquent conduct of children between the ages of ten and seventeen. TEX. FAM.CODE §§ 51.02(2), .04(a). The Family Code defines "[d]elinquent conduct" as "conduct, other than a traffic offense, that violates a penal law of this state or of the United States punishable by imprisonment or by confinement in jail." Id. § 51.03(a)(1). One of the purposes of placing such jurisdiction in civil courts under the Family Code is to "provide for the care, the protection, and the wholesome moral, mental, and physical development of children coming within its provisions." TEX. FAM.CODE § 51.01(3).
The offense of prostitution is punishable by confinement in jail, see TEX. PENAL CODE §§ 12.22(2), 43.02(a), and therefore falls under the Family Code's definition of "delinquent conduct." Under the Texas Penal Code, a person commits prostitution if the person "knowingly offers to engage, agrees to engage, or engages in sexual conduct for a fee." TEX. PENAL CODE § 43.02(a)(1). "A person acts knowingly, or with knowledge, with respect to the nature of his conduct ... when he is aware of the nature of his conduct." TEX. PENAL CODE § 6.03(b). Thus, "knowing agree[ment]" suggests agreement with an understanding of the nature of what one is agreeing to do. B.W. contends the Legislature cannot have intended to apply the offense of prostitution to children under fourteen because children below that age cannot legally consent to sex. See TEX. PENAL CODE § 22.021 (criminalizing sex with a child irrespective of consent). The State, on the other hand, claims that consent by a child under the age of fourteen is a shifting concept designed to protect victims of sex crimes rather than juvenile offenders like B.W. We agree with B.W.
The notion that an underage child cannot legally consent to sex is of longstanding origin and derives from the common law. See, e.g., State v. Hazelton, 181 Vt. 118, 915 A.2d 224, 233-34 (2006) ("The rule that an underage child cannot consent to sex need not derive from statute, as suggested by the dissent, but is a part of common law"); Payne v. Commonwealth, 623 S.W.2d 867, 875 (Ky.1981) ("The conclusive presumption of inability to consent is not of recent vintage. It has been with us at least from the reign of Queen Elizabeth of England (1558-1603)."); see also MODEL PENAL CODE § 213.1, Comment at 276 (1980); WILLIAM BLACKSTONE, 4 COMMENTARIES *212. While at the time of Blackstone this age was set at ten, every state in the United States has raised this age by statute. See Payne, 623 S.W.2d at 875 ("Coming to this country as a part of our common law, the doctrine has universally been spoken to by the state legislative bodies."); MODEL PENAL CODE § 213.1, Comment at 324 ("[N]o state continues the common-law rule of 10 years"). Texas follows the majority of states which have established a two-step scheme that differentiates between sex with a younger child and sexual relations with an older teen. See id. at 325. (citations omitted). See also TEX. PENAL CODE §§ 22.011, .021. The rule's underlying rationale is that younger children lack the capacity to appreciate the significance or the consequences of agreeing to sex, and thus cannot give meaningful consent. See, e.g., Hazelton, 915 A.2d at 234; Collins v. State, 691 So.2d 918, 924 (Miss.1997); Coates v. State, 50 Ark. 330, 7 S.W. 304, 304-06 (1888); see also Anschicks v. State, 6 Tex.App. 524, 535 (Tex. Ct.App.1879); cf. Roper v. Simmons, 543 U.S. 551, 569, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005) (holding that as compared to adults, juveniles have a "`lack of maturity and an underdeveloped sense of responsibility'... [they] are more vulnerable or susceptible to negative influences and outside pressures, including peer pressure") *821 (quoting Johnson v. Tex., 509 U.S. 350, 367, 113 S.Ct. 2658, 125 L.Ed.2d 290 (1993)); Graham v. Florida, ___ U.S. ___, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (confirming the Court's observations in Roper about the difference between juvenile and adult minds).
Our Legislature has incorporated this rationale into the Texas Penal Code. In enacting the sexual assault statute, section 22.011 of the Texas Penal Code, the Legislature made it a crime to intentionally or knowingly have non-consensual sex with an adult, or sex under any circumstances with a child (a person under seventeen). TEX. PENAL CODE § 22.011. There are defenses available if the child is at least fourteen, such as when the accused is no more than three years older than the child, or when the accused is the child's spouse. TEX. PENAL CODE § 22.011(e). In those instances, the child's subjective agreement or assent becomes the main issue in determining whether or not a crime has been committed. Id. There are no such defenses, however, when the child is under fourteen, irrespective of the child's purported willingness. TEX. PENAL CODE § 22.011,.021. Thus, in Texas, "a child under fourteen cannot legally consent to sex." May v. State, 919 S.W.2d 422, 424 (Tex.Crim. App.1996).
The Legislature has passed a number of statutes providing greater protection against sexual exploitation for underage children. For example, promotion of prostitution involving an adult, without the use of force, threat, or fraud, is a misdemeanor. Compelling a child under eighteen to commit prostitution, however, is treated as a crime equivalent to using "force, threat, or fraud" to compel an adult to commit prostitution, and is a second-degree felony. TEX. PENAL CODE §§ 43.03, .05.[1] Similarly, sexual assault of a child under fourteen is considered "aggravated sexual assault" and is subject to the same consequences as the rape of an adult involving serious bodily injury or other aggravating circumstances. TEX. PENAL CODE §§ 22.011, .021; see also TEX. PENAL CODE § 43.25(e) (imposing harsher penalties for inducing a child under fourteen to engage in sexual conduct or performance); TEX. PENAL CODE § 20A.02 (imposing harsher penalties for trafficking a child under eighteen for purposes of compelling prostitution or sexual performance). In passing these statutes, the Legislature has expressed both the extreme importance of protecting children from sexual exploitation, and the awareness that children are more vulnerable to exploitation by others even in the absence of explicit threats or fraud.
It is difficult to reconcile the Legislature's recognition of the special vulnerability of children, and its passage of laws for their protection, with an intent to find that *822 children under fourteen understand the nature and consequences of their conduct when they agree to commit a sex act for money, or to consider children quasi-criminal offenders guilty of an act that necessarily involves their own sexual exploitation. In the context of these laws, and given the blanket adoption of the Penal Code into the Family Code, it is far more likely that the Legislature intended to punish those who sexually exploit children rather than subject child victims under the age of fourteen to prosecution. See Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex.2001). Given the longstanding rule that children under fourteen lack the capacity to understand the significance of agreeing to sex, it is difficult to see how a child's agreement could reach the "knowingly" standard the statute requires. Because a thirteen-year-old child cannot consent to sex as a matter of law, we conclude B.W. cannot be prosecuted as a prostitute under section 43.02 of the Penal Code. See Duby v. State, 735 S.W.2d 555, 557 (Tex. App.-Texarkana 1987, pet. ref'd) (holding that the minor victim of incest is not an accomplice since she is incapable of giving consent as a matter of law); but cf. Bolin v. State, 505 S.W.2d 912, 913 (Tex.Crim. App.1974) (holding that the father could not be convicted of incest based solely upon uncorroborated testimony of thirteen-year-old prosecutrix who, under longstanding caselaw, was considered an accomplice witness in the absence of threats, force, fraud, or undue influence).[2]
The dissent contends Texas' statutory rape statutes do not render all minors under the age of fourteen incapable of consenting to sex with an adult as a matter of law. In the dissent's view, the statutes merely eliminate consent as an affirmative defense to the offense of child rape. But the very purpose of the Legislature's abrogation of the consent defense was its determination that underage children cannot meaningfully consent to sex. While no statute explicitly states that children under fourteen are unable to provide consent for all purposes, the inability of children to consent to sex as a matter of law is both part of the common law and a necessary inference from section 22.021 and the other statutes dealing with sexual exploitation of a child. See TEX. PENAL CODE §§ 22.011, 43.05; Helena Chem. Co., 47 S.W.3d at 493 (noting that we can consider the common law and laws on the same or similar subjects in determining legislative intent).
The dissent concedes that children below a certain age lack the mental capacity to consent to certain actions, and that the law reflects that inability to consent. Nonetheless, the dissenting justices would themselves allow children as young as ten to be prosecuted for prostitution. See TEX. FAM.CODE §§ 51.02(2)(A), .04(a). By contrast, our conclusion that children under a certain age lack the legal capacity to consent to sex rests on the legislative policy determination expressed in the statutory rape statute that children under the age of fourteen are legally incapable of consenting to sex. See TEX. PENAL CODE §§ 22.011, .021.
*823 Courts around the country have long recognized that children lack the experience and mental capacity to appreciate the nature and consequences of sex, and therefore cannot knowingly consent to sex. See, e.g., Hazelton, 915 A.2d at 234; Collins, 691 So.2d at 924; Jones v. State, 640 So.2d 1084, 1089 (Fla.1994) (Kogan, J., concurring); Payne, 623 S.W.2d at 875; Goodrow v. Perrin, 119 N.H. 483, 403 A.2d 864, 866 (1979). Cf. Roper, 543 U.S. at 569-70, 125 S.Ct. 1183; Graham, ___ U.S. ___, 130 S.Ct. 2011 (discussing the reduced mental capacity of minors as compared to adults). As Justice Kogan noted in his concurrence in Jones v. State:
I cannot believe, for example, that any responsible adult seriously thinks a six-year-old legally could consent to sex. Children of that age always lack the experience and mental capacity to understand the harm that may flow from decisions of this type. They may unwittingly "consent" to something that can ruin their lives, jeopardize their health, or cause emotional scars that will never leave them. I think most concerned adults and experts in the field would agree that this lack of prudent foresight continues in youths well into the teen years.
640 So.2d at 1089. By unequivocally removing the defense of consent to sexual assault, the Texas Legislature has drawn this line at the age of fourteen.
Nor is this the only area in which the law recognizes that minors of a certain age have a reduced or nonexistent capacity to consent, no matter their actual agreement or capacity. A minor under the age of sixteen cannot consent to be married without a court order finding the marriage to be in the child's best interest, no matter how mature the child appears or how earnestly the child might mouth the words "I do." See TEX. FAM.CODE § 2.103. Similarly, a minor's contracts are voidable at the minor's election, even if the minor knew what he or she was doing and innocent people are prejudiced. See Dairyland County Mut. Ins. Co. v. Roman, 498 S.W.2d 154, 158 (Tex.1973). When it comes to a child under fourteen consenting to sex, the Legislature has made it clear that the child's consent is void rather than voidable. See May, 919 S.W.2d at 424; TEX. PENAL CODE § 22.021. To engage in an individualized determination of a child's capacity to knowingly consent to sex is contrary to the Legislature's pronouncement that all minors under fourteen lack the capacity to give that consent. The Legislature closed this door with regard to minors over the age of fourteen when it abolished the defense of promiscuity to sexual assault and indecency with a child, see Act of May 29, 1993, 73d Leg., ch. 900, 1993 Tex. Gen. Laws 3616, 3616-18, and has never opened this door with regard to children under the age of fourteen. See Act of 1983, 68th Leg., ch. 977, 1983 Tex. Gen. Laws 5311, 5315 (current version TEX. PENAL CODE § 22.021(a)(2)(b))(explicitly stating that the promiscuity defense does not apply to children under fourteen).
The State posits a number of arguments in an attempt to show that juveniles may engage in consensual sex in certain circumstances, including the fact that children over fourteen may legally engage in sex with a person within three years of their age, and that children may legally engage in sex with a spouse. However, most of these arguments have to do with children aged fourteen and over, and do not apply in this case where the defendant is under fourteen.[3]
*824 Additionally, while the Code of Criminal Procedure does provide certain exemptions to mandatory sex-offender registration for offenders under the age of nineteen when the victim was over thirteen and the conviction was based solely on age, this speaks more to the treatment of teenage sex offenders than to the ability of a child under the age of fourteen to legally consent to sex. TEX.CODE CRIM. PROC. art. 42.017, 62.301(a), (b). While both the dissent and the State argue that this demonstrates that a minor under fourteen may consent to sex, they have confused the ability to factually agree to sex, which can have legal relevance in the treatment of the offender, with the legal capacity to consent, which is necessary to find that a person "knowingly agreed" to engage in sexual conduct for a fee.
We do not agree that our decision today infringes on prosecutorial discretion. The Legislature has determined that children thirteen and younger cannot consent to sex. This necessitates the holding that these children cannot be tried for prostitution. If this holding infringes on the prosecutor's discretion, then so too does every decision upholding a legislative or constitutional limitation on the ability of a prosecutor to bring a case.
We also reject the State's argument that exempting children under fourteen from prosecution for prostitution will somehow undermine the State's ability to protect children and encourage the sexual exploitation of minors. The State claims that under our interpretation, an adult male who agreed to pay a thirteen-year-old girl for sex could claim that he did not commit the offense of prostitution because the sex would not have been consensual. But section 43.02 expressly allows for the prosecution of a person who "solicits another in a public place to engage with him in sexual conduct for hire," regardless of the solicitee's consent. TEX. PENAL CODE § 43.02(a)(2). Similarly, pimps and other sexual exploiters of children may still be prosecuted for compelling prostitution and other crimes of sexual exploitation even though the child herself may not be prosecuted for prostitution. See Waggoner v. State, 897 S.W.2d at 513 (stating "[t]he actual commission of the offense of prostitution is not a prerequisite to the commission of the offense of compelling prostitution") (citing Davis v. State, 635 S.W.2d 737, 739 (Tex.Crim.App.1982)); TEX. PENAL CODE § 43.25.
Similarly unavailing is the State's argument that our reading of the law will encourage pimps to seek out young children because they would be immune from criminal liability. The sexual exploitation of children under fourteen is already a crime, see, e.g., TEX. PENAL CODE §§ 22.011, 22.021, 43.05, 43.25. It is unclear how the prosecution of a child for prostitution would serve as any further deterrent, especially in the case of children on the streets. See Roper, 543 U.S. at 571, 125 S.Ct. 1183 ("[T]he same characteristics that render juveniles less culpable than adults suggest as well that juveniles will be less susceptible to deterrence.") Most of these children are controlled by their pimps through a combination of emotional and financial security mixed with violence and drugs, and are unaware that the treatment they are receiving is against the law. *825 See EVA J. KLAIN, PROSTITUTION OF CHILDREN AND CHILD-SEX TOURISM: AN ANALYSIS OF DOMESTIC AND INTERNATIONAL RESPONSES (Nat'l Center for Missing & Exploited Children, 1999) available at http://www. hawaii.edu/hivandaids/Prostitution%20of %20Children%20and%20Child%20Sex %20Tourism.pdf; REPORT ON LEGISLATION IMPACTING CHILDREN: 81ST LEGISLATURE (Children at Risk Public Policy and Law Center, 2009).
The State has broad power to protect children from sexual exploitation without needing to resort to charging those children with prostitution and branding them offenders. Section 261.101 of the Family Code requires a person to report to a law enforcement agency or the Department of Family and Protective Services if there is cause to believe that a child's physical or mental health or welfare has been adversely affected by abuse or neglect. TEX. FAM. CODE § 261.101. The department or agency must then conduct an investigation during which the investigating agency may take appropriate steps to provide for the child's temporary care and protection. See id. §§ 261.301, 261.302, 262.001-.309.
The dissent suggests that our decision bars the State from providing treatment, confinement, probation, counseling or any other rehabilitation, implying that the juvenile justice system is the only portal to such services for children like B.W. That is simply not true. Even absent a report or investigation, a law enforcement officer may take possession of a child without a court order if a person of ordinary prudence and caution would believe there is an immediate danger to the physical health or safety of the child, or that the child has been the victim of sexual abuse. Id. § 262.104(a)(1) & (3). Presumably a thirteen-year-old girl walking the streets offering sex for money would meet this standard. The State may also seek a court order to take possession of a child to protect the child's health and safety. See id. § 262.001. Thus, the suggestion that lack of criminal prosecution would somehow mean the State would have no option but to put the exploited child back on the streets is entirely without merit. While in CPS custody, a child has access to a full range of counseling and treatment options, including 24-hour supervision and one-on-one monitoring. See Service Levels for Foster Care at http://www.dfps.state.tx.us/ Child_Protection/Foster_Care/Care_ Levels.asp. CPS provides these services within a purely rehabilitative setting, and without the permanent stigma associated with being adjudged a prostitute. Furthermore, while the trial court in this particular case may have exercised good judgment in adjudicating treatment and rehabilitation, there is no guarantee that a another judge would do the same, nor would the dissent's opinion protect a thirteen-year-old, or even a ten-year-old, from being subjected to a harsh and punitive sentence.
The dissent emphasizes B.W.'s "long and sad history of delinquent behavior," presumably suggesting that her bad behavior is indicative of her mental capacity to commit this crime. The United States Supreme Court has recognized that juveniles "are more vulnerable or susceptible to negative influences and outside pressures," and that "[i]t is difficult even for expert psychologists to differentiate between the juvenile offender whose crime reflects unfortunate yet transient immaturity, and the rare juvenile offender whose crime reflects irreparable corruption." Roper, 543 U.S. at 569, 573, 125 S.Ct. 1183 (internal citations omitted). Notwithstanding that fact, B.W.'s behavior is sadly in keeping with many children who have been abused or neglected at home. This dysfunctional family life leads to problems with discipline and fighting, and often results *826 in the child running away, just as B.W. did. See KLAIN, PROSTITUTION OF CHILDREN, 3. These children are also the ones most at risk of being victimized by pimps and exploited as prostitutes, and are the most in need of serious treatment. See id. at 3-4. If B.W.'s prior CPS temporary placement was inadequate to treat her, then that placement should be reviewed and her level of care increased.
Children are the victims, not the perpetrators, of child prostitution. Children do not freely choose a life of prostitution, and experts have described in detail the extent to which they are manipulated and controlled by their exploiters. See, e.g., FEMALE JUVENILE PROSTITUTION: PROBLEM AND RESPONSE (Nat'l Center for Missing & Exploited Children, 2d Ed. 2002); KLAIN, PROSTITUTION OF CHILDREN, 3-5. Courts, legislatures, and psychologists around the country have recognized that children of a certain age lack the mental capacity to understand the nature and consequences of sex, or to express meaningful consent in these matters. See, e.g., Hazelton, 915 A.2d at 234; Collins, 691 So.2d at 924; Jones, 640 So.2d at 1089; Payne, 623 S.W.2d 867; Goodrow, 119 N.H. 483, 403 A.2d 864. See also, Roland C. Summitt, The Child Sexual Abuse Accommodation Syndrome, 7 CHILD ABUSE & NEGLECT 177 (1983). Drawing a distinction between consensual sex with a child and exploitation simply blinks reality.
Our Legislature has passed laws recognizing the vulnerability of children to sexual exploitation, including an absolute prohibition of legal consent for children under fourteen. In the absence of a clear indication that the Legislature intended to subject children under fourteen to prosecution for prostitution when they lack the capacity to consent to sex as a matter of law, we hold that a child under the age of fourteen may not be charged with that offense. Accordingly, we reverse the court of appeals' judgment, and remand the case to the trial court for an appropriate disposition.
Justice WAINWRIGHT filed a dissenting opinion, in which Justice JOHNSON and Justice WILLETT joined.
Justice WAINWRIGHT, joined by Justice JOHNSON and Justice WILLETT, dissenting.
The Court holds that a thirteen-year-old minor cannot be adjudicated under the Juvenile Justice Code for prostitution, despite a clear statutory charge to address such distressing conduct by treatment and rehabilitation of the minor and protection of the public through the juvenile justice system. The text of the Juvenile Justice and Penal Codes does not support the Court's result. The language of the prostitution statute includes thirteen-year-olds, and the Juvenile Justice Code makes them subject to juvenile delinquency proceedings for committing that offense; and neither the Court nor B.W. point to any language in the Juvenile Justice or Penal Codes that changes the prostitution statute to mean something other than what it says. The Court attempts to justify this infirmity through a narrow exception found in a criminal statute unrelated to the provision proscribing prostitution, even though the circumstances of this case support the juvenile court order of rehabilitation and treatment. The minor's probation report states that B.W. was convicted "for Assault Causes Bodily Injury" and "for Possession of a Controlled Substance." She also pulled a knife on her school principal, threatening to kill him, and seriously assaulted a fellow resident of a group home. Her caseworker explained that she is "violent" and a "chronic runaway." Placed in foster care by Child Protective Services, she ran away from a *827 group home in Harris County the day after her placement there and was missing for over a year before an undercover police officer arrested her for soliciting sex for a fee. After B.W. pled true to commission of prostitution, the juvenile court judge found that she had engaged in delinquent conduct (prostitution) and that rehabilitation was in her best interest and necessary to protect the public. The court ordered probation, treatment, and counseling for the wayward teen under the auspices of the Harris County Juvenile Probation Department, and the court of appeals affirmed the ruling. This Court, however, overturns the treatment order and bars juvenile courts from ordering treatment, confinement, probation, counseling, or any other rehabilitation under the Juvenile Justice Code for minors of age thirteen who commit the charged sex crime.
The misguided result of the Court's attempt to help has turned the juvenile justice system's rehabilitative objective on its head. The Court sends B.W. back to CPS and the temporary placement that has already proven, in her case, inadequate to treat her. The Court also infringes prosecutorial discretion in which district attorneys exercise judgment in deciding whether to bring teenage offenders to the juvenile justice system for treatment or to decline those proceedings in favor of other options such as CPS. Announcing this change in state policy, the Court forgets that "in a democratic society legislatures, not courts, are constituted to respond to the will and consequently the moral values of the people." Roper v. Simmons, 543 U.S. 551, 616, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005) (Scalia, J., dissenting). The Legislature established the juvenile justice system for these types of circumstances and has not indicated an intent to depart from that system when a minor is thirteen. And the Court blanketly decides that the juvenile justice system is never available to rehabilitate thirteen-year-olds who commit sex crimes because it proclaims that all thirteen-year-old teens are legally incapable of consenting to sex.

I. Background
The Court provides a short factual background, but there are additional pertinent facts that evidence B.W.'s need for the treatment and rehabilitation that the juvenile court ordered. Petitioner B.W. was born in April 1993 and has a long and sad history of delinquent behavior. In 2004, the State placed B.W. in CPS custody. Described by her caseworker as "violent" and a "chronic runaway," B.W. was transferred among three CPS placements in less than a year. In October 2005, she ran away from her third placement at a group home facility. B.W. was missing until January 12, 2007, when an undercover police officer arrested her for criminal prostitutionoffering to engage in oral sex with him for twenty dollars. B.W. claimed to be nineteen years old, and the authorities mistook her for an adult. Upon discovering she was thirteen, the State dismissed the case against her in the adult, criminal system and re-filed it in the civil, juvenile system, in which adjudications focus more on rehabilitation of delinquency rather than prosecution for crimes. See TEX. FAM. CODE § 51.13(a); see also Hidalgo v. State, 983 S.W.2d 746, 754 (Tex.Crim.App.1999) ("The philosophy was that, whenever possible, children should be protected and rehabilitated rather than subjected to the harshness of the criminal system because children, all children are worth redeeming." (citations and quotations omitted)).
B.W.'s probation report and psychological evaluation were admitted into evidence during her juvenile proceedings. Her CPS caseworker warned in the probation report that B.W. "will run[]away if returned *828 to CPS custody." The caseworker described two particularly disturbing, violent incidents: one in which B.W. pulled a knife on her principal and threatened to kill him, and another where she repeatedly bashed a classmate's head into the ground until it was bloody. Her probation report also revealed a history of legal violations: evading arrest, running away, disrupting school, assaulting another person causing bodily injury, and possessing a controlled substance.
B.W. met with a state psychologist after her arrest. During discussions with that psychologist, she maintained that she was being mistaken for someone else. She did, however, chronicle a troubled past that included living with a thirty-two-year-old man, untreated substance abuse problems, allegations of abuse, and academic difficulties. The psychologist's report concluded that B.W. is a troubled minor who has encountered much adversity at a young age, but also stressed that the veracity of B.W.'s report should be "viewed with caution given that numerous statements [she] made [were] inconsistent with probation records."
B.W. pled "true" to allegations of prostitution in the juvenile court, and the juvenile judge concluded that B.W. engaged in delinquent conduct and ordered, among other things, that B.W. (1) was in need of rehabilitation, (2) should be placed in the Chief Juvenile Probation Officer's custody, and (3) should participate in individual counseling and have HIV Awareness/Drug Assessment with an educational specialist.[1] The juvenile judge denied B.W.'s motion for new trial, but granted her permission to appeal. The court of appeals affirmed.

II. Discussion
B.W. requests that this Court (1) hold that minors under fourteen years old cannot consent to sexual conduct as a matter of law and, therefore, cannot be adjudicated in the juvenile justice system for engaging in conduct constituting prostitution; and (2) determine that failure to prosecute her "boyfriend" and grant her immunity in exchange for testimony against him violated her right to due process. The Court holds that B.W., and no thirteen-year-old, may ever be brought into the juvenile justice system for committing prostitution under the current Juvenile Justice Code. It asserts that the Legislature determined that thirteen-year-old minors cannot legally consent to sex, despite the fact that nowhere in the Juvenile Justice or Penal Codes has the Legislature said so. To be clear, children below a certain age probably do not have the mental capacity and the law would deem them unable to consent to certain actions, but that is not the case here. The Juvenile Justice Code expressly provides that delinquent conduct of thirteen-year-old teenagers is within the exclusive jurisdiction of the juvenile court. TEX. FAM.CODE § 51.04(a). This case concerns the legal capacity of a thirteen-year-old teenager.

A. Juvenile System Civil Adjudication of Teenagers for Prostitution Is a Policy Decision Properly Left to the Legislature.
B.W. was adjudicated delinquent under the Juvenile Justice Code for committing the offense of prostitution. She does not contest any of the facts constituting the offense, and, in fact, she stipulated to them in the juvenile court. Nor does she argue that any language in the Juvenile Justice Code provides an exemption to civil adjudication of minors aged thirteen in the juvenile *829 system for prostitution. Instead, she contends that adjudicating her for prostitution would lead to an absurd result because thirteen-year-old minors cannot legally consent to sex in cases of statutory rape (a crime proscribed in the sexual assault statute), and therefore, the Legislature could not have possibly intended that a minor her age be adjudicated delinquent in the juvenile justice system for other sex offenses, like prostitution. Contrary to B.W.'s allegations, this is a type of conduct and category of delinquents the Legislature decided to permit treatment and rehabilitation through the Juvenile Justice Code.
The text discloses legislative intent, and courts should apply statutory language literally unless enforcing the language of the statute as written would produce absurd results. See Entergy Gulf States, Inc. v. Summers, 282 S.W.3d 433, 437 (Tex.2009); Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim.App.1991); see also McIntyre v. Ramirez, 109 S.W.3d 741, 745 (Tex.2003). Instead of subjecting minors to criminal prosecution, the Legislature created the juvenile justice system. See TEX. PENAL CODE § 8.07 (explaining that the Penal Code is not generally applicable to minors under seventeen); TEX. FAM.CODE § 51.02(2) (explaining that a minor ten or older and younger than seventeen years old is subject to delinquency proceedings under the Family Code). Title three of the Family Code is the Juvenile Justice Code, and it vests juvenile courts with exclusive, original, civil jurisdiction to adjudicate minors so they may be appropriately treated and rehabilitated and the public protected. See id. §§ 51.01(2),.04(a). A juvenile may be adjudicated in the juvenile system for "delinquent conduct," defined to include "conduct, other than a traffic offense, that violates a penal law of this state ... punishable by imprisonment or by confinement in jail." Id. § 51.03.
Prostitution is a crime that violates Texas penal law and is punishable by confinement in jail. See TEX. PENAL CODE § 43.02(c). Commission of prostitution is thus delinquent conduct for which a minor may be adjudicated in the juvenile system. "A person commits [prostitution] if he knowingly: (1) offers to engage, agrees to engage, or engages in sexual conduct for a fee; or (2) solicits another in a public place to engage with him in sexual conduct for hire." Id. § 43.02(a). "A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result." Id. § 6.03(b). Thus, any "person" can commit prostitution if he or she does so "knowingly." A "person" under the Penal Code "means an individual, corporation, or association." Id. § 1.07(a)(38). A "child" under the Juvenile Justice Code includes "any person" who is "ten years of age or older" and under seventeen. TEX. FAM. CODE § 51.02(2). Thus, the age range of persons subject to delinquency proceedings for violating the prostitution statute includes teenagers like B.W. Neither B.W. nor the Court dispute that teenagers are persons under the Juvenile Justice and Penal Codes. On her own admission, the juvenile court adjudicated B.W. delinquent for the offense of prostitution.
But the Court takes the position that B.W. cannot be charged with prostitution because, as a thirteen-year-old minor, she could not legally consent to sex. The Legislature proscribed sex with a minor under seventeen years old, in the sexual assault *830 statute. TEX. PENAL CODE § 22.011(a)(2). A minor's consent is relevant to provide a defense only when: (1) the actor and minor were married at the time of the offense; or (2) the actor was no more than three years older than the minor who is at least fourteen years old. See id. § 22.011(e). As pointed out by the Court, "[t]here are no such defenses ... when the child is under fourteen, irrespective of the child's purported willingness." 313 S.W.3d 818, 821 (Tex.2010) (emphasis added). The Court acknowledges that a fourteen-year-old may be adjudicated delinquent for prostitution, but asserts that a thirteen-year-old cannot because of the absence of a consent defense in the statutory rape statute. However, the lack of a consent defense to statutory rape does not change the prostitution statute.

B. There Is No Statutory Language Supporting the Court's Reasoning.
The Court's conclusion that a thirteen-year-old cannot commit a sex crime is based on several analytical flaws. Foremost, there is no language in either the Juvenile Justice Code or the Penal Code that supports the Court's conclusion, as both it and B.W. admit. In fact, in a post-submission letter, B.W.'s counsel candidly states, "During my rebuttal argument, Justice Hecht pointed out that the Texas statutes regarding sexual assault ... do not expressly state that a child under 14 is legally incapable of consenting to sex. I responded that the statute `specifically' says that a sexual assault on a child is without consent if the child is under 14." B.W.'s counsel explains in her post-submission filing that she "should have clarified" that her conclusion is an inference from Penal Code provisions, and that there is no specific language indicating that in the Code. The Court concedes that its conclusion that the inability of minors to consent to sex as a matter of law is only an "inference from section 22.011 and the other statutes dealing with sexual exploitation of a minor" and that "no statute explicitly states that children under fourteen are unable to provide consent for all purposes." 313 S.W.3d 818, 822. Later in the opinion, the Court claims the Legislature made a "pronouncement that all minors under fourteen years lack the capacity to give that consent." Id. at 823. Certainly, the Legislature could have made such a specific pronouncement, but nowhere in the Penal Code, Juvenile Justice Code, or any other statute did it do so. In other words, the Court reasons that B.W. cannot legally be adjudicated for prostitution because any consent on her part to sex would be legally ineffective as a defense to the separate crime of statutory rape.
Specifically, section 22.011 of the Penal Code makes it a crime to intentionally or knowingly have intercourse with another person "without that person's consent." It makes that same conduct the crime of sexual assault against a minor, except "without that person's consent" is not provided as a defense for this offense against minors. TEX. PENAL CODE § 22.011(a)(2). The statutory rape provision criminalizes adult intercourse with minors. Id. § 22.011(a)(2) & (e). By excluding consideration of consent when the minor is under fourteen, the Legislature made sexual conduct in those circumstances a strict liability offense. Id. It is settled that an adult cannot prove or attempt to prove that the minor consented as a defense to statutory rape. See May v. State, 919 S.W.2d 422, 424 (Tex.Crim.App.1996).
The Court takes this inference from the omission of four words in the section 22.011(a)(2) statutory rape statute and applies it to govern the section 43.02(a) prostitution statute. Citing May and the common law, the Court concludes that the *831 inference from the four-word omission in section 22.011(a)(2) applies globally to the criminal and juvenile law. The Court misconstrues May. In that case, the Court of Criminal Appeals addressed whether a fourteen-year-old could consent to sex in a statutory rape prosecution at a time when promiscuity of the minor was a statutory defense. The Court recognized that the teen victim could, in fact, acquiesce, agree, or willingly participate in sexual conduct. 919 S.W.2d at 424. But, even if the teen did consent, "that consent is not given any legal effect and provides no defense" for the strict liability offense of statutory rape under section 22.011(a)(2). Id. However, because of the existence of the promiscuity defense, the Court of Criminal Appeals held that the minor's consensual behavior was relevant to the case.[2] Thus, May recognizes that minors can, in fact, acquiesce in the proscribed conduct. That the promiscuity defense has been removed from the statute does not change the Court's recognition that teens may in fact consent. May explains that a minor's consent, absent the promiscuity provision, cannot be a defense to statutory rape. The statement in May that minors cannot legally consent to sex addresses the offense in that opinionstatutory rape. Importantly, the May decision does not give this Court license to overlay the absence of a consent defense to the section 22.011(a)(2) statutory rape offense across the entire Juvenile Justice and Penal Codes.
At another point, the Court offers a guess as to the Legislature's intent. The Court says it is "far more likely" that the Legislature would seek to punish those sexually exploiting minors than subject minors to "prosecution." 313 S.W.3d 818, 822 (emphasis added). But we need not guess what the Legislature intended because we can read the Penal Code, which defines prostitution and statutory rape as separate crimes. And only one crime statutory rapeindicates that a minor's consent is no defense to the charged offense.
The Court's logic that the absence of a consent defense to statutory rape precludes adjudication for the separate offense of prostitution is perplexing. This is not a case where an actor is attempting to assert consent as a defense to statutory rape. However, B.W. argued that the absence of consent as a defense in the statutory rape statute is a de jure defense to civil juvenile adjudication for committing prostitution. The Court employs a unique approach to statutory interpretation by taking the bait and inferring that the Legislature would impose such an exemption throughout the entire Penal Code by omitting words in the sexual assault statute. The only affirmative indications of legislative intent the Court points to in support of its holding are instances where the Legislature passed statutes affording greater protection against sexual exploitation of underage minors. See ___ S.W.3d at ___. It points out that the Penal Code explicitly proscribes compelling prostitution of a minor under eighteen as a second-degree felony as an example of how it intended heightened protection of sexually exploited minors. TEX. PENAL CODE § 43.05(a)(2). It simply does not follow that heightened punishment for adults who exploit teenagers means that teenagers can never commit prostitution.
The Court says that the underpinning of my position is that "because Penal Code section 43.05 makes it a crime for a person to cause a child younger than eighteen to *832 commit prostitution, the Legislature must have envisioned the prosecution of children under the age of fourteen for prostitution." 313 S.W.3d 818, 821, n. 1. This is not correct. The basis of my conclusion is not an inference implied from a different statute, as is the Court's; it is the expressed intent of the Legislature. The language of the prostitution statute includes thirteen-year-olds, and the Juvenile Justice Code makes them subject to juvenile delinquency proceedings for committing that offense; and neither the Court nor B.W. point to any language in the Juvenile Justice or Penal Codes that changes the prostitution statute to mean something other than what it says. The Court then argues that a criminal may be prosecuted for compelling sexual exploitation of a teenager even though the teenager may not be adjudicated for prostitution. Id. Certainly, in the proper exercise of prosecutorial discretion,[3] this may be the case; but the Court's holding precludes exercise of that discretion in all cases involving thirteen-year-old teenagers involved in sex crimes.[4]
The language of section 43.05 of the Penal Code in fact provides that minors under eighteen years old may commit prostitution. It makes it a crime if any person knowingly "causes by any means a child younger than 18 years to commit prostitution, regardless of whether the actor knows the age of the child at the time the actor commits the offense." TEX. PENAL CODE § 43.05(a)(2) (emphasis added). The Legislature's use of the word "child," defined to be a person under age seventeen, certainly includes thirteen-year-olds. Yet the Court effectively limits the Legislature's definition to children ages fourteen to seventeen, without any language to support it.[5]
The Legislature easily could have created the exception that the Court proclaims today. It expressly excluded "traffic offense[s]" from the definition of delinquent conduct. TEX. FAM.CODE § 51.03(a)(1). All it needed to do was add a few words to section 51.03(a)(1) to compel the result the Court desires, but the Legislature did not exclude "prostitution" from the list of offenses constituting delinquent conduct. Alternatively, the Legislature could have limited application of the prostitution statute *833 to persons fourteen and older, rather than any "person." TEX. PENAL CODE 43.02(a). Yet, it opted not to do so.
The Legislature has expressly recognized that teenagers can commit such offenses. A defendant may prove consent by a teenager in a statutory rape case to possibly avoid registering as a sex offender. The Texas Code of Criminal Procedure gives a trial court discretion to grant an exemption from the sex offender registration requirement if it appears, based on a preponderance of the evidence, that a victim aged thirteen or older consented to sexual contact with an offender nineteen or younger. TEX.CODE CRIM. PROC. art. 62.301; cf. TEX. PENAL CODE § 22.011(e)(2)(A) & (B). This is contrary to the Court's conclusion that, as a matter of law, a thirteen-year-old cannot legally consent to sex in a prostitution adjudication.
The Legislature makes social policy determinations, and has made one in this situation. The Juvenile Justice Code incorporates the offense of prostitution as proscribed in the Penal Code, and minors may be subject to civil adjudication for engaging in conduct that constitutes prostitution. Nothing in any of these statutes indicates that the Legislature could not have intended the law to be enforced as written, and the Court errs in declaring an "absurd result" where one does not exist.

C. The Common Law Does Not Support the Court's Conclusion.
The Court's opinion has shallow support in the common law. It cites William Blackstone for support, but Blackstone's Commentaries explain that twelve years is the "age of female discretion by the common law."[6] WILLIAM BLACKSTONE, 4 COMMENTARIES *212. B.W. engaged in conduct constituting prostitution at the age of thirteen. She had reached the age of discretion under the common law. The Court further looks to find the common law primarily in cases from a few other states Arkansas, Florida, Kentucky, Mississippi, New Hampshire, and Vermont.[7] But none of these cases addresses the question before uswhether the common law deems that no thirteen-year-old can, as a matter of law, commit prostitution. They all concern whether an adult can defend a charge of statutory rape by asserting that the child consented. And the Court's quotation to a concurrence in a Florida case focuses on a six-year-old child's capacity, a fact not at issue in that case and that says little or nothing about the issue involving the teenager before us. See Jones v. State, 640 So.2d 1084, 1089 (Fla.1994) (Kogan, J., concurring).[8]
The Court's opinion cites only four Texas cases, none written by this Court. One of the cases, May v. State, is discussed above. In Anschicks v. State, the court explained that the question of consent in the rape of a girl under the age of ten is "wholly immaterial" and then adds in dicta that a child under ten is "incapable of consent." 6 Tex.App. 524, 535 (1879). While I agree with these propositions, the rape victim in that case was ten years old, *834 and the court did not address the offense of prostitution. The case sheds little or no light on the central question in this case. The other two cases concern incest, not prostitution, and the Court itself acknowledges that the second case is of "questionable precedence." See Duby v. State, 735 S.W.2d 555 (Tex.App.-Texarkana 1987, writ ref'd); see also Bolin v. State, 505 S.W.2d 912 (Tex.Crim.App.1974).
In addition to the absence of any language in the Juvenile Justice and Penal Codes to support the Court's conclusion, the common law also provides scant support for its reasoning.

D. Juvenile System Rehabilitation, Not Criminal Penalties, Are Appropriate in This Case.
Notwithstanding the Court's use of the term "prosecute" repeatedly in its opinion, there is no dispute that in the juvenile court proceeding B.W. was not convicted of a crime. She was adjudicated delinquent as a juvenile, and the juvenile court ordered rehabilitation, counseling, and treatment. In fact, the juvenile court ordered only probation for B.W. with no term of juvenile confinement. The Court fails to credit the purpose of the juvenile justice system as distinct from the criminal justice system. Its holding precludes juvenile courts from adjudicating and then ordering counseling and treatment as the Legislature intended for minors like B.W. who commit prostitution. The Legislature enacted the Juvenile Justice Code for various public purposes, including: "to provide for the protection of the public and public safety"; "to promote the concept of punishment for criminal acts"; "to remove, where appropriate, the taint of criminality from children committing certain unlawful acts"; "to provide treatment, training, and rehabilitation that emphasizes the accountability and responsibility of both the parent and the child for the child's conduct"; "to provide for the care, the protection, and the wholesome moral, mental, and physical development of children coming within its provisions"; and "to protect the welfare of the community and to control the commission of unlawful acts by children." TEX. FAM.CODE § 51.01.
The Court's opinion removes B.W. from adjudication under the Juvenile Justice Code for a criminal act she acknowledged committing. Instead of allowing B.W. to be treated as the Legislature intended, its opinion overturns the juvenile judge's treatment order and sends her back into CPS custody or, more likely given her history of running away, back to a toxic street environment. The psychologist that screened B.W. explained that she needed to be placed in a secure facility with a structured and consistent environment, that she is a "high risk for runaway," and there is a "moderate to high risk" that she will hurt others. The psychologist also recommended intensive treatment for substance abuse, enrollment in a mentor program, individual and group therapy, and tests to evaluate her educational needs. The prosecutor evaluating B.W.'s case considered B.W.'s history as well as the recommendations of those evaluating B.W. when deciding whether to bring the proceeding. The juvenile judge considered the psychologist's evaluation and ordered treatment as provided by the Juvenile Justice Code through individual counseling and other programs. In light of B.W.'s past conduct, it is reasonable that the juvenile judge would recommend that the Chief Juvenile Probation Officer supervise B.W. instead of placing her back in the CPS system.
The Legislature decided to subject minors ten or older and younger than seventeen to civil adjudication as opposed to generally subjecting them to the same *835 criminal laws as adults. The Juvenile Justice Code provides a civil means for effectuating its stated purposes to avoid subjecting minors, who might be headed down a treacherous path, to criminal proceedings. Sadly, many minor prostitutes are exploited by others who take advantage of their vulnerability. Those exploiters deserve criminal punishment. However, the Legislature enacted the Juvenile Justice Code not merely as a means of punishment, but also for treatment and rehabilitation in order "to provide for the care, the protection, and the wholesome moral, mental, and physical development of children coming within its provisions." TEX. FAM. CODE § 51.01(3).
The Legislature passed a statute last term that instructs the executive director of the Texas Juvenile Probation Commission to establish a committee "to evaluate alternatives to the juvenile justice system, such as government programs, faith-based programs, and programs offered by nonprofit organizations, for children who are accused of engaging in acts of prostitution." TEX. HUM. RES.CODE § 141.056 (directing the committee to report to the Legislature by January 1, 2011). The Legislature recognizes the problem of prostitution committed by minors, and it continues to work on solutions to address it. Instead of exempting minors from adjudication in the statute, the Legislature requested the committee to study and evaluate the effectiveness of alternative treatment options outside the justice system. In the same September 2009 bill, the Legislature added a defense to prosecution for victims of human trafficking, acknowledging in the bill analysis that trafficked minors are often arrested for committing prostitution. See TEX. PENAL CODE § 43.02(d); House Comm. on Human Servs., Bill Analysis, Tex.C.S.H.B. 4009, 81st Leg., R.S. (2009) ("The vast majority of domestic victims of human trafficking are minors; approximately 70 percent fall into the sex trade. Unfortunately, most of these children are criminalized and placed with Child Protective Services with the result that the child does not receive necessary services and often falls back under the thumb of traffickers."). Nonetheless, the Legislature did not modify the Family Code to exempt teenagers from delinquency adjudication for prostitution. But the Court's opinion today does just that and removes the juvenile justice system as a viable alternative to CPS and other treatment programs for minors younger than fourteen who are accused of prostitution. This is an unnecessary and intrusive limitation on the Legislature's discretion to address an important social policy issue.
For all of these reasons, I would apply the Juvenile Justice Code and Penal Code provisions at issue as the Legislature drafted them. I would hold that a thirteen-year-old minor may be subject to civil, juvenile delinquency proceedings and rehabilitative treatment for committing an act that constitutes prostitution as proscribed in the Penal Code. The Legislature specifically intended to hold actors that engage in sexual conduct with a minor under fourteen strictly liable for sexual assault, regardless of the minor's consent. It also specifically incorporated certain Penal Code provisions into the definition of delinquent conduct, including the offense of prostitution, making it a chargeable delinquent offense. The Court's opinion purports to recognize legislative intent that is expressed nowhere in applicable statutes and is contrary to the common law.

E. The State Did Not Violate B.W.'s Due Process Rights.
In B.W.'s second issue, she alleges that failing to prosecute her thirty-two-year-old "boyfriend" and offer her immunity in exchange for testimony against him violated *836 her due process rights. This claim is also without merit. Because the Court holds that minors under fourteen years old cannot be adjudicated for prostitution, it does not reach B.W.'s due process challenge. I would hold that her due process rights were not violated.
"There is no doubt that the Due Process Clause is applicable in juvenile proceedings." Schall v. Martin, 467 U.S. 253, 263, 104 S.Ct. 2403, 81 L.Ed.2d 207 (1984). The United States Supreme Court has held that not all, but "certain basic constitutional protections enjoyed by adults accused of crimes also apply to juveniles." Id. (citing Breed v. Jones, 421 U.S. 519, 531, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975) (double jeopardy); In re Winship, 397 U.S. 358, 366, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (proof beyond a reasonable doubt); In re Gault, 387 U.S. 1, 13-14, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) (notice of charges, right to counsel, privilege against self-incrimination, right to confrontation and cross-examination)). However, there is no due process right to any particular mode of investigation. See Patterson v. New York, 432 U.S. 197, 208, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977) ("Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person."). Nor is there a right that precludes a minor from being adjudicated delinquent for committing prostitution.
The State must offer immunity from prosecution for prostitution, but only if it compels testimony about the offense. TEX. PENAL CODE § 43.06 ("A party ... may not be prosecuted for any offense about which he is required to furnish evidence or testify, and the evidence and testimony may not be used against the party in any adjudicatory proceeding except a prosecution for aggravated perjury."). Even if the State brings charges against the person B.W. identified as her "boyfriend," it is not obligated to require B.W. to testify. She certainly has no statutory or constitutional right to immunity simply because the State may or may not prosecute that person. I would, therefore, affirm the court of appeals' holding that B.W.'s due process rights were not violated and deny her relief on this ground.

III. Conclusion
While I would prefer a world in which such questions concerning the delinquent sexual conduct of minors would never arise, the reality is that these questions do arise, and we must answer them. I could not agree more that thirteen-year-old teenagers engaging in prostitution are victims of severe physical, sexual, and emotional scarring. But, exempting all of these minors from civil adjudication in the juvenile justice systemwhere treatment and rehabilitation are favoredwhen they commit the crime of prostitution imposes a broad policy on the State that is not supported by statute or legislative intent. The Legislature addressed the plight of minors such as B.W. by creating the juvenile justice system to offer a means, albeit not perfect, of hopeful rehabilitation. The Court globally declares that all thirteen-year-olds lack capacity to commit sex crimes and thereby precludes them all from any assistance through the juvenile justice system. I therefore respectfully dissent.
NOTES
[1] The dissent argues that because Penal Code section 43.05 makes it a crime for a person to cause a child younger than eighteen to commit prostitution, the Legislature must have envisioned the prosecution of children under the age of fourteen for prostitution. But section 43.05 applies to children who have been caused to commit prostitution whether they are six or sixteen. Furthermore, it is well established that a person may be prosecuted for compelling prostitution and other crimes of sexual exploitation even though the child herself is not prosecuted for prostitution. See Waggoner v. State, 897 S.W.2d 510, 513 (Tex. App.-Austin 1995, no pet.) (stating "[t]he actual commission of the offense of prostitution is not a prerequisite to the commission of the offense of compelling prostitution") (citing Davis v. State, 635 S.W.2d 737, 739 (Tex. Crim.App.1982)). That a child under fourteen may be forced to engage in sex for a fee does not mean that the child may be prosecuted for that act. The fact that the State provides for the punishment of those who sexually exploit children does not mean that the State intends to punish the exploited children as well.
[2] Although Bolin has never been overruled, it is of questionable precedence. Bolin focused mainly on the question whether someone can be convicted based upon uncorroborated testimony and concentrated on whether the act was the result of force, threats, fraud, or undue influence. Remarkably, the court found that the intercourse was consensual despite the fact that the underage prosecutrix told her father "on more than one occasion" that "she did not want to do it." Id. at 913. Tellingly, the cases decided after Duby have either relied on the holding in Duby, Reid v. State, 2005 WL 914500, 2005 Tex.App. LEXIS 3072 (Tex.App.-Fort Worth April 21, 2005, pet. ref'd), or cited it with approval. McCrory v. State, 854 S.W.2d 262 (Tex.App.-Eastland 1993, pet. ref'd).
[3] The State argues that an adult may legally engage in sexual intercourse with a thirteen-year-old spouse. In fact, the statute is unclear. While consensual sex with a minor spouse is a defense to sexual abuse under 22.011 of the Penal Code, being the spouse of the child is not a defense to section 22.021 which governs sex with children under fourteen. See TEX. PENAL CODE §§ 22.011, 22.021. Since children under fourteen lack the capacity to legally consent to marriage (without a court order), the question of whether the spousal defense applies to a child under fourteen has no bearing on a child-under-fourteen's ability to legally consent to sex in general.
[1] Prior to the proceedings, a placement committee met and recommended two treatment facilities for B.W., one psychiatric and one geared towards children.
[2] The Legislature abolished the promiscuity defense effective September 1, 1994. Act of May 24, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex. Gen. Laws 883, 918, repealed by Act of 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3618.
[3] The Juvenile Justice Code requires that a prosecutor review all juvenile referrals for "legal sufficiency and the desirability of prosecution." Tex. Fam.Code § 53.012; see also In re S.B.C., 805 S.W.2d 1, 6-7 (Tex.App.-Tyler 1991, writ denied) ("[S]o long as the prosecutor has probable cause to believe that an accused committed a violation of an offense defined by statute, the decision whether to prosecute, what charges to file or bring before a grand jury, or even what form the prosecution is to take, rests entirely within the prosecutor's discretion." (citing Bordenkircher v. Hayes, 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978))).
[4] The Court states, "[t]hat a child under fourteen may be forced to engage in sex for a fee does not mean that the child may be prosecuted for that act." 313 S.W.3d 818, 821, n. 1. First, a juvenile adjudication is not a criminal prosecution. Second, the Court bases its conclusion, in part, on the presumption that B.W. was compelled to commit prostitution, which is neither the facts nor the issue presented to this Court.
[5] Indeed, the Court would only allow adjudication of minors older than fourteen years old. This is because the sexual assault statute permits consideration of a victim's consent if the minor is over fourteen. However, this consideration is limited to when the victim is between the ages of fourteen and seventeen and when the alleged perpetrator is within three years of the victim's age. See TEX. PENAL CODE § 22.011(e). According to the Court's logic, if B.W. had been arrested when she was fourteen (instead of thirteen) for soliciting sex in exchange for money from a person who was seventeen, she could be adjudicated for committing prostitution. But she could not be adjudicated for engaging in the same conduct if the person she solicits was eighteen (over three years older than B.W.).
[6] Sir Matthew Hale understood that the age of female discretion had generally been held to only extend to infants under ten. WILLIAM BLACKSTONE, 4 COMMENTARIES *212.
[7] The Court cites: Coates v. State, 50 Ark. 330, 7 S.W. 304, 306 (1888); Jones v. State, 640 So.2d 1084, 1089 (Fla.1994) (Kogan, J., concurring); Payne v. Commonwealth, 623 S.W.2d 867, 875 (Ky.1981); Collins v. State, 691 So.2d 918, 924 (Miss.1997); Goodrow v. Perrin, 119 N.H. 483, 403 A.2d 864, 866 (1979); State v. Hazelton, 181 Vt. 118, 915 A.2d 224, 233-34 (2006).
[8] No rational person would argue that any six-year-old could consent to sex.