

NUMBER 13-12-00518-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE MATTER OF O.D.T., A CHILD

**On appeal from 449th District Court
of Hidalgo County, Texas.**

## MEMORANDUM OPINION

**Before Justices Garza, Benavides and Perkes
Memorandum Opinion by Justice Garza**

Appellant, O.D.T., a child, contests the trial court's denial of his pre-trial application for writ of habeas corpus. The State instituted juvenile delinquency proceedings against O.D.T., accusing him of having committed two counts of aggravated sexual assault of a child under 14 years of age. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (a)(2)(B) (West Supp. 2011). O.D.T. applied for habeas relief, contending that the State's prosecution is "fundamentally invalid as a matter of law" because a child under the age of 14 lacks the capacity to act with the requisite mental state. The trial court denied the application. We will dismiss the appeal for lack of jurisdiction.

# I. BACKGROUND

The State filed an original petition and request for directive to apprehend, *see* TEX. FAM. CODE. ANN. § 52.015 (West 2008), in which it alleged that O.D.T. forced two of his female cousins to perform oral sex on him on or about May 31, 2009, when O.D.T. was eleven years of age and the alleged victims were seven and eight years of age.

O.D.T. subsequently filed his pre-trial application for writ of habeas corpus, in which he contended that penal code section 22.021 could not be constitutionally applied to him. The application noted that a successful prosecution for aggravated sexual assault under penal code section 22.021 requires a showing that the accused acted "intentionally" or "knowingly." *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B). O.D.T. argued that, since he was only eleven years old at the time of the alleged offenses, he did not have the capacity to act "intentionally" or "knowingly" with respect to a sex act. In support of this proposition, he cited *In re B.W.*, 313 S.W.3d 818 (Tex. 2010), in which the Texas Supreme Court ruled that a child under 14 years of age could not be prosecuted for prostitution because "in Texas, 'a child under fourteen cannot legally consent to sex.'" *Id.* at 821 (quoting *May v. State*, 919 S.W.2d 422, 424 (Tex. Crim. App. 1996)). The *B.W.* Court reasoned that, "[g]iven the longstanding rule that children under fourteen lack the capacity to understand the significance of agreeing to sex, it is difficult to see how a child's agreement could reach the 'knowingly' standard the statute requires." *Id.* at 822.

The trial court denied the application and this appeal followed.[1]

# II. DISCUSSION

---

[1] O.D.T. filed a motion requesting findings of fact and conclusions of law, but no such findings or conclusions were filed by the trial court.

On appeal, prior to addressing the merits of O.D.T.'s constitutional claims, the State asserts that O.D.T.'s appeal is "not ripe for judicial review" and should be dismissed because no trial or plea proceeding has been undertaken and no adjudication of delinquency has been rendered.[2] We agree. The statute permitting appeals by respondents in juvenile delinquency proceedings, Texas Family Code section 56.01, states in part that "the appeal must include the juvenile court adjudication and all rulings contributing to that adjudication . . . ." TEX. FAM. CODE ANN. § 56.01(b) (West Supp. 2011). This indicates that an adjudication of delinquency is a necessary prerequisite to an appeal in the juvenile justice context, *see id.*, and it comports with the general rule in civil cases that an appeal may be taken only from a final judgment. *See, e.g., Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* TEX. FAM. CODE ANN. § 56.01(b) ("The requirements governing an appeal [in a juvenile delinquency proceeding] are as in civil cases generally.").[3] The State notes that the El Paso Court of Appeals reached the same conclusion in an adult criminal proceeding. *See Ex parte Cross*, 69 S.W.3d 810, 813 (Tex. App.—El Paso 2002, pet. ref'd) (dismissing appeal for want of jurisdiction where appellant contended that the statute under which he was charged was unconstitutional as applied, and the trial court denied pre-trial habeas relief; appellate

---

[2] The State also asserts that an application for writ of habeas corpus is "not a proper vehicle for raising a constitutional challenge" such as O.D.T.'s. We need not address this argument, nor need we address the merits of O.D.T.'s constitutional claims, because of our conclusion herein that we lack jurisdiction to consider the appeal. *See* TEX. R. APP. P. 47.1.

[3] Section 51.014 of the civil practice and remedies code sets forth exceptions to the general rule that appeals may only be taken from a final judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (West Supp. 2011). The granting or denying of an application for writ of habeas corpus is not among the types of orders enumerated for which an interlocutory appeal is permissible. *See id.*

It is also noteworthy that, while section 51.014 allows a trial court to authorize an interlocutory appeal "from an order that is not otherwise appealable" under certain limited circumstances, *see id.* § 51.014(d), that provision is not applicable to "action[s] brought under the Family Code," *see id.* § 51.014(d-1), such as this one. Therefore, even if the trial court rendered a written order permitting O.D.T. to prosecute his interlocutory appeal, we would not have jurisdiction over it.

3

court noted that the charge against appellant had not yet been adjudicated and "[a]ny injury that [appellant] might suffer is therefore still sufficiently contingent or remote such that the issue before us is not ripe for adjudication"); *see also State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 912 (Tex. Crim. App. 2011) (holding that the trial court erred in granting appellant's pre-trial motion to declare the Texas death-penalty sentencing statute unconstitutional as applied, in part because "[appellant] is asking Texas trial and appellate courts to entertain a purely hypothetical claim and make an advisory ruling in a case that has not been litigated to any final resolution").

O.D.T. points to no statutory authority permitting this Court to consider his appeal, and he directs us to no cases in which an appellate court has exercised jurisdiction over an appeal of an interlocutory order in a juvenile delinquency case.[4] Accordingly, in light of the foregoing, we conclude that we lack jurisdiction over O.D.T.'s appeal.

### III. CONCLUSION

The appeal is dismissed for want of jurisdiction.


DORI CONTRERAS GARZA
Justice

Delivered and filed the
7th day of February, 2013.

---

[4] In the criminal context, appellate courts may, in certain circumstances, retain appellate jurisdiction to hear an appeal from a trial court's denial of a pre-trial writ of habeas corpus. *Ex parte Cross*, 69 S.W.3d 810, 813 (Tex. App.—El Paso 2002, pet. ref'd) (*citing Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991); *Denby v. State*, 627 S.W.2d 435 (Tex. App.—Houston [1st Dist.] 1981, no pet.)). However, appellate courts also retain the discretion to *refuse* to hear appeals concerning the denial of a pre-trial habeas application. *Id.* (citing *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001)). In any event, juvenile delinquency proceedings are civil in nature, and the requirements governing appeals in such cases "are as in civil cases generally." TEX. FAM. CODE ANN. § 56.01(b) (West Supp. 2011). We have no discretion to exercise jurisdiction over O.D.T.'s appeal.

4