

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0282-24 & PD-0283-24

---

### CLIFFORD MILTON, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

---

PARKER, J., delivered the opinion of the Court in which SCHENCK, P.J., and RICHARDSON, YEARY, NEWELL, WALKER, and FINLEY, JJ., joined. KEEL and MCCLURE, JJ., concurred.

### <u>OPINION</u>

Can a child under 17 be a victim of trafficking by compelled prostitution if the conduct involves the child having sex with adults more than three years older than her for pay? Under the plain language of the statutes, the answer is resoundingly "yes." Appellant and the court of appeals focus on whether (and when) 14-to-16-year-olds can consent to have sex, but that is the wrong focus. The proper focus is on whether the trafficking and compelling-prostitution statutes criminalize the conduct at issue in this case. They do.

# I. BACKGROUND

## A. Facts

A 15-year-old girl ran away from home. Appellant took her in and prodded her into having sex with men for pay. He pocketed the money she earned. Based on this conduct, Appellant was convicted of trafficking a child by compelling the child to engage in prostitution.[1]

## B. Appeal

On appeal, Appellant relied upon the Fourteenth Court of Appeals's decision in *Turley v. State.*[2] In *Turley*, the court of appeals held that, by virtue of age alone, a 4-year-old child could not commit prostitution for the purpose of determining whether a defendant could be convicted of compelling that child's commission of prostitution.[3] In so holding, that court relied upon Penal Code

---

[1] Appellant was also convicted of trafficking by committing sexual assault of a child (he himself having sex with the victim). He did not attack the sufficiency of the evidence to support that conviction. *See Milton v. State*, 695 S.W.3d 689, 693 (Tex. App.—Houston [1st Dist.] 2024) ("Appellant Clifford Milton was indicted on two counts of trafficking of a child by prohibited conduct. In Cause Number 1612515, he was indicted for the offense of trafficking of a child by causing the complainant to become the victim of sexual assault, and *in Cause Number 1612516*, he was indicted for the offense of trafficking of a child by causing the complainant to become the victim of prostitution. . . . In three issues, Milton argues (1) there was legally insufficient evidence to prove he committed the offense of trafficking a person *in Cause Number 1612516* because he did not cause the complainant to commit prostitution, (2) the trial court abused its discretion in allowing the admission of extraneous offense testimony, and (3) the judgments should be modified to reflect (a) a finding on the enhancement paragraphs of 'N/A' instead of 'pleaded true' and 'found true,' and (b) to state the sentences are to run concurrently.") (emphasis added, ellipsis inserted). Nevertheless, Appellant filed a PDR for *both* of his cases, and this Court granted both. Our records show that the trial court cause number 1612515 corresponds to the court-of-appeals cause number 01-22-00335-CR, which in turn corresponds to our cause number PD-0282-24. Consequently, we dismiss the PDR in PD-0282-24, from the trafficking-by-committing-sexual-assault case, as improvidently granted.

[2] 597 S.W.3d 30 (Tex. App.—Houston [14th Dist.] 2020), *rev'd on other grounds*, 691 S.W.3d 612 (Tex. Crim. App. 2024).

[3] *Id.* at 40-44.

§ 8.07 and the Texas Supreme Court's decision in *In re B.W.*[4]  The court of appeals pointed out that § 8.07 drew lines at ages 15 and 10, younger than which children would not be criminally responsible for certain conduct, and it pointed to *B.W.* as drawing a line at age 14, younger than which a child could not be adjudicated delinquent for prostitution.[5]  The court of appeals specifically relied upon the conclusion in *B.W.* that children younger than 14 lack the legal capacity to consent to sex.[6]

Appellant argued to the court of appeals in this case that the holding in *Turley* should be extended to children between the ages of 14 and 17 because minors are generally not legally permitted to consent to sex.  The State argued, among other things, that *Turley* was incorrectly decided.

The court of appeals in Appellant's case declined to address the correctness of *Turley*.[7]  Instead, the court of appeals declined to extend *Turley* to children ages 14 to 17.[8]  In part, the court pointed to Texas establishing "a two-step scheme that differentiates between sex with a younger child and sexual relations with an older teen."[9]  The court concluded that there was a legislative intent "to treat children older than thirteen different for purposes of consent involving sexual

---

[4]  *Id.* at 40 & n.12 (discussing TEX. PENAL CODE § 8.07), 43 (discussing *In re B.W.*, 313 S.W.3d 818 (Tex. 2010)).

[5]  *Id.*

[6]  *Id.* at 43-44.

[7]  *Milton*, 695 S.W.3d at 710.

[8]  *Id.* at 710-11.

[9]  *Id.* at 710.

conduct."[10]

## C. Post-Appeal and Discretionary Review

After the court of appeals's decision in the present case, this Court decided *Turley* on discretionary review.[11] This Court did not address whether the *Turley* court of appeals was correct in holding that age alone prevented a child from committing prostitution.[12] Instead, this Court held that the 4-year-old girl in *Turley*, who was asleep at the time the defendant solicited an undercover officer to engage in sexual conduct with her, did not commit any *acts* that would constitute prostitution.[13]

In his petition for discretionary review, Appellant asked, "Did the First Court of Appeals err in holding that a child between the ages of fourteen and seventeen does not, as a matter of law, lack the ability to consent to sex for purposes of committing prostitution?" Appellant continued to rely upon the court of appeals's *Turley* decision. He suggested that a child could commit prostitution only when a defense to sexual assault would be available—a child 14 years or older having sex with a marriage partner or person within 3 years of the child's age. Even after this Court's decision was handed down, Appellant has argued in briefing that children under 17 are generally unable to consent to sex under Texas law.

If Appellant's position were accepted, then a prosecution for compelling prostitution of a child, and trafficking based on compelling prostitution of a child, would be permissible only in

---

[10] *Id.* at 711.

[11] 691 S.W.3d at 612 (delivered June 26, 2024); *see Milton*, *supra* (delivered April 26, 2024).

[12] *Turley*, 691 S.W.3d at 618.

[13] *Id.*

limited circumstances—essentially only if the child in question was 17 years of age, or if the child was 14 to 16 years of age and had paid sex with an individual within 3 years of the child's age, or by some odd chance, with the child's marital partner.  Because the victim in this case was younger than 17,  was more than 3 years younger than any of the men she had sex with, and was not married to any of the men she had sex with, the victim would not fall within the limited circumstances envisioned by Appellant.

## II. ANALYSIS

Sufficiency-of-the-evidence questions sometimes turn on the meaning of the statute under which the defendant is prosecuted.[14]  A court must interpret a statute in accordance with the plain meaning of its text, unless the text is ambiguous or the plain meaning leads to absurd results that the Legislature could not have possibly intended.[15]  Plain meaning is determined by reading the statute in context, reasonably giving effect to each word, phrase, clause, and sentence, and construing the text according to applicable rules of grammar and common usage.[16] Words that have statutory definitions should be construed accordingly, and a court can consult standard dictionaries to ascertain the meaning of undefined terms.[17]  As will be seen in the following discussion, all the statutes at issue here are unambiguous, so we must interpret those statutes in accordance with the plain meaning of their texts.

---

[14] *Walker v. State*, 594 S.W.3d 330, 336 (Tex. Crim. App. 2020).

[15] *Cont'l Heritage Ins. Co. v. State*, 683 S.W.3d 407, 411 (Tex. Crim. App. 2024); *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

[16] *Ex parte Reeder*, 691 S.W.3d 628, 632 (Tex. Crim. App. 2024).

[17] *Id.*

At the time of Appellant's conduct, the trafficking statute provided, in relevant part:

A person commits an offense if the person knowingly:

\* \* \*

(7) traffics a child and by any means causes the child to engage in, or become the victim of, conduct prohibited by:

\* \* \*

(H) Section 43.05 (Compelling Prostitution).[18]

Under the trafficking statute, a "child" means "a person younger than 18 years of age."[19] Thus, the trafficking statute expressly applies to any victim of the conduct who is under age 18. But, because subsection (a)(7) of that statute covers a broad array of sexual offenses against children,[20] the possibility remains that one or more of those underlying offenses imposes a further limitation on the age the child. If there is such a further limitation relevant to the present case, it would have to be found in the underlying compelling-prostitution statute.

The compelling-prostitution statute in effect at the time of Appellant's conduct provided, in relevant part:

A person commits an offense if the person knowingly:

\* \* \*

(2) causes by any means a child younger than 18 years to commit prostitution, regardless of whether the actor knows the age of the child at the time of the offense.[21]

The word "prostitution" in the compelling-prostitution statute means "the offense defined in Section

---

[18] TEX. PENAL CODE § 20A.02(a)(7)(H) (West 2018). All further references to the Penal Code are to the version in the West 2018 publication unless otherwise noted.

[19] *Id.* § 20A.01(1).

[20] *See id.* at § 20A.02(a)(7)(A)-(K).

[21] *Id.* § 43.05(a)(2).

43.02."[22]  As with the trafficking statute, the compelling-prostitution statute itself purports to apply to any victim younger than age 18.  Unlike the trafficking statute, however, the compelling-prostitution statute does not cover a broad array of offenses; it covers only prostitution.  So, imposing a further age limitation on who can commit prostitution would seem inconsistent with the plain language of the compelling-prostitution statute.  If the prostitution statute contains an age limitation despite the apparent broadness of the compelling-prostitution statute, one would expect that age-limitation to be clearly apparent in the text.

At the time of Appellant's conduct, the prostitution statute provided:

> A person commits an offense if the person knowingly offers or agrees to receive a fee from another to engage in sexual conduct.[23]

Nothing in this statutory language limits the age of the individual who can commit prostitution. Practically speaking, a child may be so young as to be unable to knowingly offer or agree to receive a fee to engage in sexual conduct.  At the extreme end, one would not expect an infant to be capable of engaging in prostitution, as it is statutorily defined.  But nothing in the prostitution statute draws a specific age line.  And the statute is clear that anyone who engages in the conduct described "commits" the offense of prostitution.

Moreover, the prostitution statute contains a defense that suggests that a child can "commit" prostitution without being criminally responsible for that offense:

> It is a defense to prosecution for an offense under Subsection (a) that the actor engaged in conduct that constitutes the offense because the actor was the victim of conduct that constitutes an offense under Section 20A.02 [trafficking] or 43.05

---

[22]  *Id.* § 43.01(2).

[23]  *Id.* § 43.02(a).

[compelling prostitution].[24]

So the Legislature set up a statutory scheme that (1) allows a child to "commit" prostitution for purposes of being a victim of the compelling-prostitution and trafficking offenses, and (2) insulates the child victim of compelling-prostitution or trafficking from criminal liability for the prostitution offense the child commits.

The only other relevant statute is Penal Code § 8.07, which addresses the effect of young age on criminal responsibility. That statute is littered with references to a child having "committed" an offense for which, because of age, the child cannot be prosecuted or convicted.[25] Under § 8.07, a

---

[24] *Id.* § 43.02(d) (bracketed material added).

[25] *See id.* § 8.07 (emphasis added):

(a) A person may not be prosecuted for or convicted of any offense that the person *committed* when younger than 15 years of age except:

* * *

(b) Unless the juvenile court waives jurisdiction under Section 54.02, Family Code, and certifies the individual for criminal prosecution or the juvenile court has previously waived jurisdiction under that section and certified the individual for criminal prosecution, a person may not be prosecuted for or convicted of any offense *committed* before reaching 17 years of age except an offense described by Subsections (a)(1)--(5).

(c) No person may, in any case, be punished by death for an offense *committed* while the person was younger than 18 years.

(d) Notwithstanding Subsection (a), a person may not be prosecuted for or convicted of an offense described by Subsection (a)(4) or (5) that the person *committed* when younger than 10 years of age.

(e) A person who is at least 10 years of age but younger than 15 years of age is *presumed incapable of committing* an offense described by Subsection (a)(4) or (5), other than an offense under a juvenile curfew ordinance or order. *This presumption may be refuted* if the prosecution proves to the court by a preponderance of the evidence that the actor had sufficient capacity to understand that the conduct engaged

child might not be criminally responsible for an offense by virtue of age, but that does not preclude the offense being "committed" for the purpose of a different Penal Code provision.

In the present case, we are not discussing whether a child can be prosecuted for or convicted of an offense. We are discussing whether an adult who causes a child to commit an offense can be prosecuted and convicted. All of the relevant statutes indicate that a child can "commit" an offense for the purpose of prosecuting and convicting an adult who causes the child to commit it. And none of the relevant statutes draw an age line for the child that prevents such an adult from being so prosecuted and convicted.

Appellant relies on the sexual-assault statute to derive an age-of-consent of 17 and also a limited consent range of ages 14 to 16. For purposes of the offense of sexual assault, "child" means "a person younger than 17 years of age."[26] And if the child is 14 years of age or older, the actor might have a defense if he is "not more than three years older" than the child or if he is married to the child.[27]

But the statutes defining the offense of trafficking by compelling prostitution do not incorporate these provisions from the sexual-assault statute. In fact, none of the statutory provisions relating to the offense at issue before us reference "consent" at all.[28] And after all, the compelling-prostitution statute, by its very name, suggests that sex is being compelled, and is thus *not*

in was wrong at the time the conduct was engaged in. The prosecution is not required to prove that the actor at the time of engaging in the conduct knew that the act was a criminal offense or knew the legal consequences of the offense.

[26] *Id.* § 22.011(c)(1)

[27] *See id.* § 22.011(e)(1), (2).

[28] *Contrast id.* § 22.011(b) (outlining when a "sexual assault" is "without consent").

"consensual." Moreover, none of the statutes defining the offense before us calibrate the State's ability to prosecute to the age of the person trafficked or compelled to engage in prostitution in the way that the sexual-assault statute does. The trafficking and compelling prostitution statutes apply to a defendant who victimizes a child under 18 without any defenses or extra punishment based on a child's youth as a bar to consent to sexual conduct.

Further, the sexual-assault statute itself does not purport to use age to preclude a child from committing an offense; it simply provides that certain sexual conduct by an actor toward a child is an offense without requiring the State to show that the child did not consent.[29] That statute, itself designed to protect children, provides no basis whatsoever for a holding that would make *more difficult* the prosecution of people who traffic and compel children into engaging in prostitution.

In summary, the trafficking and compelling-prostitution statutes expressly provide that anyone under age 18 can be a victim of compelling prostitution. The prostitution statute does nothing to limit that coverage and, in fact, feeds the scheme by providing a defense if the child committed prostitution as a victim of a trafficking or compelling-prostitution offense.

The Texas Supreme Court's *B.W.* decision does not persuasively show to the contrary. That case addressed whether a child under age 14 could be subject to juvenile-delinquency proceedings for the offense of prostitution.[30] Whether a child can be adjudicated delinquent for prostitution is

---

[29] *See id.* § 22.011(a)(2) ("(A) causes the penetration of the anus or sexual organ of a child by any means; (B) causes the penetration of the mouth of a child by the sexual organ of the actor; (C) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; (D) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; (E) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor."). *Compare to id.* § 22.011(a)(1)(A)-(C) (requiring a show that the conduct against the victim occurred "without that person's consent.").

[30] *B.W.*, 313 S.W.3d at 819.

not the same as whether a child can "commit" prostitution for the purposes of another statute designed to punish an adult for causing that commission. In fact, the Texas Supreme Court explicitly rejected the notion that its decision would hamper a prosecution for compelling prostitution.[31] To the extent *B.W.* might contain language supporting the notion that a child under age 14 cannot "commit" prostitution, that language would be *dicta*, would not be binding on us even if it were a holding,[32] and should not be followed to the extent it conflicts with the plain meaning of the statutes at issue before us.

The court-of-appeals decision in *Turley* was simply wrong to hold that children under age 14 were legally disabled from committing prostitution for the purpose of being a victim of a trafficking or compelling-prostitution offense. That decision conflated committing an offense with being criminally responsible for it. And it turned common-sense judicial observations about crimes against children on their head by crafting a judicial rule that overrode the unambiguous language of some statutes to actually make them less protective of children. Given the flaws in that decision, we now disavow it. In this case, the court of appeals found a way to write around its sister court's *Turley* decision but, in doing so, perpetuated to some degree that decision's flawed assumptions.

Appellant used the flawed opinion in *Turley* to frame his point of error to the court of appeals as whether children of a certain age can "consent" to sex. The court of appeals accepted this framing of the issue, and Appellant has continued that framing in his ground for review to this Court. While

---

[31] *Id.* at 825 ("Similarly, pimps and other sexual exploiters of children may still be prosecuted for compelling prostitution and other crimes of sexual exploitation even though the child herself may not be prosecuted for prostitution.").

[32] *In re Meza*, 611 S.W.3d 383, 393 (Tex. Crim. App. 2020) ("But Texas Supreme Court decisions are generally not binding precedent in criminal cases.").

it might seem to some to be an exercise in judicial restraint to respond to the issue as framed, allowing Appellant to blow us off course in that manner is in fact the opposite of restraint because such an approach would stray from construing the statute based on its language. As we stated in *Boykin*, "the Legislature is constitutionally entitled to expect that the Judiciary will faithfully follow the specific text that was adopted."[33] And we should not allow a flawed framing of an issue by the parties or the court of appeals to divert us from the statutory language because "our judgments are precedents."[34] Nor should this Court twist itself into knots to account for cases that are not based on the text of the applicable statutes, are not binding on this Court, and are ultimately factually distinguishable. As it is, our analysis answers the question before us, if in a way Appellant did not expect: Any child under age 18 that is able to satisfy the elements of the prostitution statute can commit prostitution for the purpose of being a victim of the offenses of trafficking and compelling prostitution.

Because the statutes at issue before us are unambiguous, and the plain meaning of the statutory language allows for the prosecution in Appellant's case, we agree with the court of appeals that the evidence was sufficient to support Appellant's conviction. We affirm the court of appeals's judgment.

Delivered: July 2, 2025

Publish

---

[33] 818 S.W.2d at 785.

[34] *See Young v. United States*, 315 U.S. 257, 259 (1942) ("Furthermore, our judgments are precedents, and the proper administration of the criminal law cannot be left merely to the stipulation of parties."); *Estrada v. State*, 313 S.W.3d 274, 286 (Tex. Crim. App. 2010) ("This Court must still independently examine the error confessed because 'our judgments are precedents, and the proper administration of the criminal law cannot be left merely to the stipulation of parties.'").